**Marcellis STODDARD, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 91–CV–558.**

District of Columbia Court of Appeals.

Argued Dec. 4, 1992.
Decided Jan. 29, 1993.

Patrick J. Christmas, Washington, DC, for appellant.

Donna M. Murasky, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief, for appellee.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and KERN, Senior Judge.

FARRELL, Associate Judge:

Appellant Marcellis Stoddard was injured when he was struck by a car while crossing the street on his way to school. He was five years old and unescorted by an adult (or anyone) when the accident occurred. The place of the accident was approximately "two football fields" from the designated crosswalk in front of the school, a crossing normally attended at this hour by a crossing guard. The guard arrived late at her post that morning and was not present when the accident took place.

Suit was filed in appellant's name against the District of Columbia, the guard's employer, alleging negligence in the failure to maintain a school guard at the crosswalk. A jury returned a verdict for appellant, awarding him $253,011 in damages. The trial judge, however, set aside the verdict and entered judgment for the District as a matter of law on the ground that the government owed no special duty to appellant in the circumstances of this case that would exclude application of the so-called public duty doctrine. We affirm.

Under the public duty doctrine,

[t]he District is subject to liability for injuries arising from the negligence of its employees only if the duty owed to the plaintiff was a special duty to that person as an individual or as a member of a class of persons to whom a special duty is owed; the District cannot be sued if the duty it owed was a general duty to the public-at-large.

*Powell v. District of Columbia,* 602 A.2d 1123, 1127 (D.C.1992). Appellant maintains that the District of Columbia, through the Metropolitan Police Department, has voluntarily assumed a special duty or relationship toward school children such as himself

by adopting rules specifically providing for deployment of crossing guards at designated school crosswalks.

In *Florence v. Goldberg*, 44 N.Y.2d 189, 404 N.Y.S.2d 583, 375 N.E.2d 763 (1978), the New York Court of Appeals held that a municipality, by adopting such a system and regulations, "voluntarily assumed a particular duty to supervise school crossings," which if breached would support a suit against the municipality by a plaintiff relying on performance of the duty. *Id.* at 587, 375 N.E.2d at 766. This was a "limited ... duty intended to benefit a special class of persons—viz., children crossing designated intersections while traveling to and from school at scheduled times." *Id.* In *Turner v. District of Columbia*, 532 A.2d 662 (D.C.1987), this court cited and discussed *Florence* with apparent approval as "consistent with [decisions] throughout the country[ ] holding that if a state agency is required by statute or regulation to take a particular action for the benefit of a particular class and fails to do so, or negligently does so, and the plaintiffs justifiably rely to their detriment on the agency's duty to act, a cause of action in negligence will lie against the state or its agency." *Id.* 532 A.2d at 672.

■ *Florence* is not immediately apposite to this case since it rested upon a duty derived from formal administrative regulations. Appellant points by analogy to the Metropolitan Police Department's Manual of Rules and Regulations for School–Crossing–Guards, but in *Wanzer v. District of Columbia*, 580 A.2d 127 (D.C.1990), we held that manuals of this sort (or "procedures and protocols"), unlike statutes or formal regulations, "cannot create a special

duty to a protected class." *Id.* at 133. Moreover, appellant eschewed reliance in the trial court on any "statute [or] regulation." Nonetheless, our decisions recognize that even without a statute or regulations, a special relationship and corresponding duty may arise where the plaintiff can show "(1) a direct contact or continuing contact between the victim and the governmental agency or official; and (2) a justifiable reliance on the part of the victim." *Platt v. District of Columbia*, 467 A.2d 149, 151 (D.C.1983); *see also Powell*, 602 A.2d at 1130. There seems little question—in light of *Turner*—that we would find this duty to exist with respect to school children who can show that they (and their parents) regularly relied upon the presence of guards to escort children *within* designated crosswalks. It is even probable that we would construe the duty broadly enough to include children who deviate in some manner from the requirement of crossing within the marked crosswalk. *See* Manual, *supra*, Ch. IX (duties of crossing guard include "[d]eterring pedestrians as necessary from committing unlawful or unsafe acts at their crossing").

We are quite unwilling, however, to hold that any such duty assumed by the police extends to children who attempt to cross the street at a distance as great as in this case, as much as "two football fields" from the designated crosswalk.[1] That would not be the "limited" duty recognized by *Florence* intended to benefit "children crossing designated intersections"; rather it would be limited, in effect, only by the requirement that the child have crossed within eyeshot of the guard (had she been present at her post). But, as this case exemplifies,

1. In a pretrial memorandum opinion and order effectively granting the District summary judgment, the trial judge relied on an admission by appellant's counsel that the accident took place about "two football fields" away from the crosswalk. Although the judge subsequently vacated that order and permitted the case to be tried, her post-trial entry of judgment for the District expressly incorporated her pre-trial determination that the undisputed facts—including the distance from the crosswalk at which Marcellis attempted to cross the street—required judgment for the District as a matter of law under the public duty doctrine. In her post-trial opin-

ion, the judge characterized the trial evidence as establishing only that Marcellis attempted to cross "in the middle of" a "very long" block, rather than at the intersection where the crosswalk lay. On appeal appellant disputes neither this description nor the earlier characterization of the distance as some "two football fields" from the intersection. Even viewing the trial evidence in the light most favorable to the jury's verdict, *see Oxendine v. Merrell Dow Pharmaceuticals, Inc.*, 506 A.2d 1100, 1103 (D.C.1986), there was no evidence from which the jury could have found the distance to be less than several hundred feet.

that limitation is unmanageable. There was indeed evidence that the *distance* at which Marcellis crossed was visible from the crosswalk. But there was little or no evidence which would have enabled a fact-finder to judge whether the guard would have had an unobstructed view of a small child several hundred feet down a busy street for long enough to warn him against crossing.[2] Parents and other guardians, who bear primary responsibility for the safe travel of their children to school, cannot justifiably rely on government to protect against accidents occurring at so great a distance from the designated crossing.

As there was no special relationship between the District and appellant in the circumstances of this case, the trial judge correctly entered judgment as a matter of law.

*Affirmed.*

---

**2.** That this guard had occasionally been able to prevent older children from crossing down the street at about the place Marcellis tried to cross does not provide a basis for the expansive duty appellant urges.